UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LUIS A. CURET,<br><br>                      Plaintiff,<br><br>v.<br><br>C.O. OSTIE, C.O. BISCHOFF, C.O. FISCAL, C.O. KRESTAN, and C.O. OZECH,<br><br>                      Defendants. | Case No. 20-CV-413-JPS<br><br><br>**ORDER** |

       On July 7, 2020, the Court ordered Plaintiff to pay his initial partial filing fee ("IPFF") of $6.22 no later than July 28, 2020, or this action would be dismissed without prejudice. (Docket #6). On July 24, 2020, Plaintiff filed a letter requesting that the Court allow him to pay the "$12.44" from his release account. (Docket #7). Plaintiff had more than one case pending, and each case required a payment of $6.22 for his IPFF. On October 2, 2020, the Court authorized Plaintiff to use his release account funds to pay his IPFF and ordered Plaintiff to pay his IPFF no later than October 23, 2020, or this action would be dismissed without prejudice. (Docket #8). That date passed without payment of the IPFF or any other communication from Plaintiff, and the Court dismissed the case without prejudice on October 29, 2020 for failure to pay the IPFF. (Docket #9, #10).

       On November 23, 2020, Plaintiff filed a motion for reconsideration of the Court's dismissal decision. (Docket #11). Plaintiff states that he did not know that he needed to pay the $6.22 IPFF for each of his pending cases. (*Id.*) Plaintiff further states that he does not have enough money in his release account to pay for all of his pending cases. (*Id.*)

Although Plaintiff's motion is silent on the legal grounds for reconsideration, the only applicable rule is Federal Rule of Civil Procedure 60(b), ("Rule 60(b)"). Rule 60(b) allows the Court to vacate a prior order based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). Rule 60(b) does not exist to give losing parties a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'").

The Court ordered Plaintiff to pay an IPFF in each of his pending cases and allowed him to pay it from his release account, pursuant to a separate order entered in each case. Plaintiff's prior letter indicating that he wanted to pay $12.44 from his release account shows that he indeed did understand that he needed to pay an IPFF for each case. To be sure, Plaintiff is an extremely prolific litigator, as evidenced by his motion for reconsideration being filed in four cases, which is only a portion of his closed or pending cases in this Court. Plaintiff has not suggested that any of the grounds for relief under Rule 60(b) apply to his situation. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on

one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (Rule 60(b) motion denied because movant "failed to even argue" the grounds for relief). This alone is sufficient grounds to deny the motion. *Nelson v. Napolitano*, 657 F.3d 586, 589–90 (7th Cir. 2011). In sum, Plaintiff's motion does not merit relief under Rule 60(b) and will, therefore, be denied.

Plaintiff may refile his case, as his case was dismissed without prejudice. The Court advises Plaintiff that as of March 15, 2021, pursuant to 28 U.S.C. § 1915(b)(1), any prisoner who brings a civil action in forma pauperis will be required to pay the $350.00 statutory filing fee, even if the case is dismissed—voluntarily or by the Court—prior to the Court screening the complaint.[1] Prisoners who cannot pay the full fee at once will be required to make monthly payments as described in 28 U.S.C. § 1915(b)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1]Notice to Prisoners of the Eastern District of Wisconsin's Updated Filing Fee Policy, *U.S. Dist. Ct. E.D. Wis.* (Feb. 23, 2021), https://www.wied.uscourts.gov/news/notice-prisoners-eastern-district-wisconsin%E2%80%99s-updated-filing-fee-policy.

Page 3 of 3
Case 2:20-cv-00413-JPS   Filed 04/14/21   Page 3 of 3   Document 12